# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2022

Lyle W. Cayce
Clerk

No. 20-50232

Bakari L. Jefferson,

*Plaintiff—Appellant*,

*versus*

Wilmington Savings Fund Society, FSB, as trustee of
Stanwich Mortgage Loan Trust D,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-407

Before Wiener, Dennis, and Duncan, *Circuit Judges*.

Per Curiam:*

This case presents yet another iteration of the "finality trap" which has vexed both litigants and the courts of appeals for decades. *See Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020) (en banc). A party finds itself in the finality trap when it obtains a partial judgment in the district court and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50232

voluntarily dismisses its remaining claims without prejudice. The partial judgment is not final, and therefore not appealable, and dismissal without prejudice fails to create any finality in the action under our precedent. *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298 (5th Cir. 1978). The party thus finds itself without an appeal and without any remaining claims before the district court.

Following our circuit's rule that the voluntary dismissal does not create finality because the party "is entitled to bring a later suit on the same cause of action," *Ryan*, 577 F.2d at 302, we DISMISS this appeal for lack of jurisdiction.

## I.

After receiving notice that his house would be sold at public auction, Bakari Jefferson filed suit against Wilmington Savings Fund Society ("Wilmington"), that had been assigned the deed of trust in Jefferson's property, claiming that Wilmington was barred from pursuing foreclosure by a four-year statute of limitations found in Texas law. Wilmington asserted counterclaims of breach of contract and judicial foreclosure to force the sale of the property. Jefferson never answered these counterclaims.

Wilmington then moved for summary judgment on Jefferson's statute of limitations claim. The district court, adopting the report and recommendation of a magistrate judge, granted Wilmington summary judgment, finding that Jefferson's lender had reset the statute of limitations clock by unilaterally abandoning acceleration of its loan three years prior to the attempted foreclosure. *See Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015). The district court entered a judgment granting Wilmington's motion for summary judgment and dismissing Jefferson's claim with prejudice. Wilmington's counterclaims for breach of contract and judicial foreclosure, however, remained unresolved. Jefferson filed a notice of appeal

No. 20-50232

from the district court's judgment. After the appeal was docketed in this court and briefing had begun, Wilmington voluntarily dismissed its counterclaims without prejudice through notice, pursuant to Federal Rule of Civil Procedure 41(c) and 41(a)(1)(A)(i). This dismissal did not require the leave of the district court or consent from Jefferson.

## II.

Before we can proceed with any appeal, we must assure ourselves of our own jurisdiction. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Appellate jurisdiction typically lies only when there has been a final judgment disposing of all claims as to all parties. 28 U.S.C. § 1291; FED R. CIV. P. 54(b). An order resolving only some claims in a case is usually nonfinal and not appealable. *Williams*, 958 F.3d at 348–49. And the voluntary dismissal without prejudice of any remaining claims fails to create finality because the party "is entitled to bring a later suit on the same cause of action." *Id.* at 343 (quoting *Ryan*, 577 F.2d at 392).

Such is the case in this appeal. The district court partially adjudicated the claims before it, granting summary judgment and dismissing Jefferson's statute of limitations claim, but leaving Wilmington's breach of contract claim and judicial foreclosure claim unadjudicated. Jefferson sought to appeal from this partial judgment, but we lack jurisdiction over such a nonfinal order. *Cooper v. Brown*, 844 F.3d 517, 526 (5th Cir. 2016). Wilmington then voluntarily dismissed its counterclaims without prejudice. This dismissal also failed to create any finality. *Williams*, 958 F.3d at 348. Accordingly, Jefferson's appeal lacks the finality required to confer jurisdiction under 28 U.S.C. § 1291.

We DISMISS for lack of appellate jurisdiction.